**In re FORT DODGE, D. M. & S. R. CO.**

**GRAPE et al. v. FORT DODGE, D. M. & S. R. CO.**

**No. 9434.**

District Court, S. D. Iowa, Central Division.

Oct. 3, 1942.

Walter R. Dyer, of Boone, Iowa, for trustees of the Railroad.

Ben J. Gibson, of Des Moines, Iowa, for First Securities Corporation of Iowa, First Syndicate, Inc., and Carl A. Dixon, intervening petitioning creditors.

Robert J. Bannister, of Des Moines, Iowa, for Bondholders' Protective Committee.

A. A. McLaughlin, of Des Moines, Iowa, for Old Colony Trust Co.

J. L. Parrish, of Des Moines, Iowa, for Theodore S. Grape et al. petitioning creditors.

DEWEY, District Judge.

The proceedings are before the court on the question of the final confirmation by the judge of the plan of reorganization. The Interstate Commerce Commission has submitted the plan to the bondholders and parties in interest and has certified that the requisite number of creditors of each class has approved the plan.

Sec. 77, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. e, provides, among other things, that: " * * * the judge shall confirm the plan if satisfied that it has been accepted by or on behalf of creditors of each class to which submission is required under this subsection holding more than two-thirds in amount of the total of the allowed claims of such class which have been reported in said submission as voting on said plan, * * * and that such acceptances have not been made or procured by any means forbidden by law. * * * "

Objections to the confirmation of the plan have been made in writing by the First Securities Corporation of Iowa, First Syndicate, Inc., and Carl A. Dixon, intervening petitioning creditors herein, and joined with such objectors in the relief asked are the Bondholders' Protective Committee and the Old Colony Trust Company, trustee under an indenture of trust and first mortgage of the Railroad Company. The Trustees also join in the objections.

The First Securities Corporation of Iowa, the First Snydicate, Inc., and Carl A. Dixon, intervening petitioning creditors, also filed a pleading designated "Amendment to Objections to Plan of Reorganization and Petition for Order," wherein is made the claim that the earnings from the operation of the pledged property should be found to be the property of the bondholders. This petition for an order, while filed as an amendment to the objections, appears to ask for an order separate and apart from the question whether the plan as submitted and certified by the Interstate Commerce Commission should be approved and ruling thereon is not made at this time, and jurisdiction of this petition for an order and the questions presented therein are retained and reserved by the court for later decision.

Theodore S. Grape et al., petitioning creditors in this case, have also filed a pleading objecting to any further continuance of the proceedings and asking that an order be entered approving the proposed plan of reorganization.

The objection to the approval of the plan is made in the form of a requested amendment to the plan of reorganization and the relief asked is that the court continue the proceedings, finding that the amendment to the plan suggested is meritorious and for the best interests of all parties concerned. The objections do not specifically request, but it is suggested in oral argument that the court having determined as above; that the plan of reorganization be confirmed in all respects, other than the amount of the capitalization of the new company, and returned to the Interstate Commerce Commission; that such relief asked by the amendment might be considered and acted upon by the Commission and, after having been so acted upon, the court confirm the amount finally determined.

The sole suggestion as to the change in the plan of reorganization is that the capitalization of the reorganized company shall consist of Income Mortgage Bonds, Series B, in the amount of $3,390,000, instead of in an amount of $2,260,000 as provided by the plan, raising the amount of each Series B bond as provided in the plan from $400 to $600 for each $1,000 outstanding bond. The objections set forth that this change should be made because the net earnings of the company, past,

present and prospective, will sustain such increased capitalization and such increased bond issue and the present actual value of the property will justify the new capitalization proposed; and that conditions have radically changed since the hearing on the plan before the Commission and that the proposed amendment will benefit all parties in interest.

At the hearing on these objections and the amendment to the proposed plan, evidence was introduced substantiating the claim of the objectors that changed conditions since the plan was approved show the road, both as to its value and its earnings, to be considerably more than was estimated by the Commission at the time of the hearing and confirmation of the plan by the Commission and that a great majority of the bondholders are in favor of an order resubmitting the questions raised by the proposed amendment to the Interstate Commerce Commission for further hearing and report. However, I find legal difficulties to this procedure.

In conformity with Section 77 of the Bankruptcy Act the matter was referred to the Interstate Commerce Commission and that Commission after giving due notice to all parties in interest held hearings and rendered a report and order in which it approved a plan which it found and determined was compatible with public interest, and such plan was certified to the court, together with the transcript of the proceedings before it, and the question of the approval of that plan came on for hearing before the court upon due notice to all parties in interest. At that hearing all the parties which are here objecting were present by their counsel and no objection was made to the plan but, on the other hand, all parties represented being present in court were satisfied with and gave their approval to the plan as proposed by the Interstate Commerce Commission and thereupon the court in an order and decree, dated the 16th day of July, 1941, approved the plan of reorganization of the debtor as certified to the court by the Interstate Commerce Commission.

The plan of reorganization prepared by, approved and certified by the Interstate Commerce Commission to the court, provided that the capitalization of the reorganized company should consist substantially of Income Mortgage Bonds, Series B, in the amount of $2,260,000. In the report of the Commission which ac-

companied the plan as proposed and which was submitted October 4, 1940, and decided by the Commission on March 6, 1941, are stated the several plans proposed by the several committees in interest and varied in the amount proposed as the capitalization of the reorganized company.

The Commission did not arrive at this amount by fixing a valuation of the property owned by the debtor but upon the evidence submitted to it of the earnings of the company in the past and the estimated future earnings.

It hardly needs authorities to convince that an order made on notice to all parties in interest in the progress of an administrative proceedings is an adjudication and final, subject only to the right of review on appeal. And it has been determined that where facts are found by the Interstate Commerce Commission under this Act the court must approve them, if attacked, where there is substantial evidence before the Commission to support its findings on such facts Akron, Canton & Youngstown R. Co. v. Hagenbuch, 6 Cir., 128 F.2d 932.

But the objectors seriously urge despite this adjudication and subsequent approval of the plan by the interested bondholders and creditors, that it is discretionary with the court to still refer the matter back to the Commission for further proceedings. The authority for that position is claimed to be found in the next to the last paragraph of subsection e of Sec. 77 of the Bankruptcy Act, which reads as follows: " * * * If the judge shall confirm the plan, he shall enter an order and file an opinion with a statement of his conclusions and his reasons therefor. If the judge shall not confirm the plan, he shall file an opinion, with a statement of his conclusions and his reasons therefor, and enter an order in which he shall either dismiss the proceedings, or, in his discretion and on the motion of any party in interest, refer the case back to the Commission for further proceedings, including the consideration of modifications of the plan or the proposal of new plans. In the event of such a reference back to the Commission, the proceedings with respect to any modified or new plan shall be governed by the provisions of this section in like manner as in an original proceeding hereunder."

In view of the proceedings had prior to the one now before the court

and in view of the command in the statute that the judge shall confirm the plan if satisfied that it has been duly accepted by the creditors and has not been made or procured by any means forbidden by law, it is reasonably apparent that the provisions in the act above quoted have reference to situations where the requisite acceptance to the plan as proposed has not or cannot be procured. To hold otherwise and to remand the proceedings again to the Interstate Commerce Commission would mean that that body would have to act in the light of an adjudication confirming a prior submitted plan which would be rather anomalous.

## Opinion.

As the Interstate Commerce Commission has certified to this court that the approved plan has been submitted to all bondholders and parties in interest and that the requisite number has accepted the same and no objection being filed denying or raising any question as to the due submission of the plan or that any acceptances had been made or procured by any means forbidden by law, said plan should be confirmed.

The suggestion and request in the objections that the plan, insofar as it has to do with the amount of the capitalization of the new company, can only be raised or considered by the court in cases where the approved plan has not been accepted by the requisite number of creditors, does not apply to these proceedings. No issue being raised as to these matters, the court is required under the mandatory provisions of Section 77 sub. e to confirm the plan heretofore approved and accepted by the creditors.

## Findings of Fact.

I find:

That the plan as heretofore approved by the court has been duly submitted to all classes of creditors entitled to vote thereon and that the requisite number of such creditors have duly approved said plan and that the acceptance of the plan by such creditors was not made or procured by any means forbidden by law; also that this court is in receipt of a certificate from the Interstate Commerce Commission that the plan has been submitted to all classes of creditors entitled to vote thereon; and that the requisite number of such creditors have accepted and approved the plan.

98

Conclusions of Law.

I find:

1st, that all objections to the confirmation of the proposed plan should be, and the same are, hereby overruled, except the question as to surplus earnings referred to herein, jurisdiction is retained.

2nd, that the plan as proposed and certified to this court by the Interstate Commerce Commission as having been properly accepted by all classes of creditors to which submission of the plan was required, should be, and the same is, hereby confirmed.

3d, that no legal obstructions are present or further procedure is necessary to place the plan into effect and the attorneys for the trustees shall forthwith prepare and submit to the attorneys representing the several interests as having appeared here in court an order providing for the carrying out of the plan to be submitted to the court for its approval; and the Bondholders' Protective Committee shall submit to the court within ten days its designated member of the reorganization committee as provided by the plan and the Bondholders' Protective Committee shall also designate two persons to serve as Trustees and the First Securities Corporation of Iowa shall designate one person to the court within ten days to serve as member of the Trustees under the plan.