748

District Court, D. Minnesota, Fourth Division.

June 18, 1943.

James L. Hetland and F. W. Crouch, both of Minneapolis, Minn., for trustees of the debtor.

H. S. Mitchell, of Minneapolis, Minn., for Canadian Pac. Ry. Co.

Kenneth F. Burgess and Douglas F. Smith, both of Chicago, Ill., for Institutional Investors.

Fred N. Oliver, of New York City, for Savings Bank group.

NORDBYE, District Judge.

The Interstate Commerce Commission submitted the plan for a vote and has certified to the Court the manner and results of such submission. It appears from the certificate filed by the Commission, from the duplicate ballots filed with the Clerk of the Court, and from the record in these proceedings that the plan approved by the Commission and the Court was properly submitted to the creditors entitled to vote on it, that the requisite percentage of acceptances have been obtained, that such acceptances were not made or procured by any means forbidden by law and that all the statutory requirements for confirmation of the plan have been complied with.

Subdivision e of Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. e, provides, among other things, that upon receipt of the certification by the Interstate Commerce Commission of the results of the submission, "the judge shall confirm the plan if satisfied that it has been accepted by or on behalf of creditors of each class to which submission is required under this subsection holding more than two-thirds in amount of the total of the allowed claims of such class which have been reported in said submission as voting on said plan, * * * and that such acceptances have not been made or procured by any means forbidden by law * * *."

The only objections to the confirmation of the plan were filed in behalf of Messrs. Baldwin, Hawley, Smith and Hirsch by their counsel. No one appeared at the hearing to support the objections and no evidence was offered to sustain them. Nevertheless, the Court has examined the objections filed. They refer to increased revenues of the Debtor, to the effective date of the plan, to the alleged failure to reserve the rights of security holders against the Canadian Pacific under its guaranty of interest on certain of the Debtor's bonds, to the alleged impropriety of failing to set up a sinking fund for the new First Mortgage bonds, and to a general characterization of the plan as inequitable.

All of the grounds of these objections were considered by the Court in its opinion of November 7, 1942, approving the plan, and no reason is apparent why they should be reconsidered, even if that were permissible. Appeals from the order of November 13, 1942, approving the plan by these objectors were dismissed after hearing, by the Circuit Court of Appeals on April 12, 1943. The Court entertains serious doubts whether these objections, which do not relate to the manner or result of the submission of the plan or to any statutory condition for confirmation, may properly be considered at this hearing. See In re Fort Dodge, D. M. & S. R. Co., D.C., 47 F.Supp. 95. But in any event the Court is satisfied

that they present no ground for refusing confirmation.

No reasons appearing why said plan should not be confirmed and its provisions made binding on all parties in interest, an appropriate order may be entered.